UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| GULF COAST MARINE ASSOCIATES, INC., | § § § | |
| Plaintiff, | § § | |
| v. | § | CIVIL ACTION NO. G-04-308 |
| C-PORT GALVESTON, L.P. et al, | § § § | |
| Defendants. | § § | |

**ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

This case arises out of damages allegedly suffered by Gulf Coast Marine Associates, Inc. ("Plaintiff") after breach of a lease agreement by C-Port Galveston, L.P. ("Defendant"). Now before the Court is Defendant's Motion for Summary Judgment. For the following reasons, Defendant's Motion is **DENIED.**

I. Background

In 2001, Plaintiff, an offshore marine services corporation, identified Defendant's shipyard as a possible site in which to lease dock space. The Parties entered lease negotiations concerning the property. Plaintiff began feasibility investigations of Defendant's site as well as one other candidate site to determine which property was more suitable for rig refurbishing services Plaintiff planned to perform for one of its clients. Though the Parties' rendition of the facts of this case differ widely from this point forward, it is clear that the lease negotiations failed, leaving Plaintiff with no place to dock its client's rig. Ultimately, Plaintiff has asserted causes of action for breach of contract, anticipatory breach of contract, estoppel, tortious interference, and fraud.

II.  Summary Judgment Standard

Summary judgment is appropriate if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law.  *See* Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2552–53, 91 L. Ed. 2d 265 (1986).  The party moving for summary judgment bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact."  *Celotex*, 477 U.S. at 323, 106 S. Ct. at 2553.  The non-moving party must come forward with "specific facts showing there is a genuine issue for trial."  Fed. R. Civ. P. 56(e), *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986).  The court must view all evidence in the light most favorable to the non-movant.  *See, e.g.*, *Broussard v. Parish of Orleans*, 318 F.3d 644, 650 (5th Cir. 2003), *cert. denied*, 539 U.S. 915, 123 S. Ct. 2276, 156 L. Ed. 2d 130 (2003).  If the evidence would permit a reasonable fact finder to find in favor of the non-moving party, summary judgment should not be granted.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986).

III.  Analysis

The disposition of this Motion turns on an initial inquiry into the applicability of Texas's Statute of Frauds which requires a written agreement for a lease of real estate for a term longer than one year.  TEX. BUS. & COM. CODE ANN. § 26.01 (Vernon 2002).  Defendant argues that the lease agreement allegedly breached was for a period of two years and therefore, subject to the Statute of Frauds.  *See id.*  To meet the requirements of the Statute of Frauds, the writing at issue must contain "all of the essential elements of the agreement, so that the contract can be ascertained from the writings without resorting to oral testimony."  *Cohen v. McCutchin*, 565 S.W.2d 230, 232 (Tex.

1978). There is no writing in this case that meets this requirement. The Parties' submissions include a draft lease agreement allegedly outlining the terms of the lease. However, the draft is covered with handwritten notes, is not executed, and has a crossed-out number in the space for rent. This is not enough to satisfy the requirements of *Cohen*, and the agreement in this case does not satisfy the Statute of Frauds if it was required to do so.

Plaintiff argues that a writing was not required because the lease term was only six months. The discrepancy between Plaintiff and Defendant's understanding of the lease term comes from differing treatment of a renewal option in the draft lease agreement. Specifically, the draft, which is dated April 1, 2002, provides for a term of "six months with options to extend with thirty days notice but not to go beyond April 1, 2004." Plaintiff obviously argues that the renewal periods should not be considered for purposes of the Statute of Frauds while Defendant argues that they should. If the renewal period is taken into account, the Statute of Frauds applies, and absent any applicable exception, there is no binding contract in this case. If the renewal period is not considered, the Statute of Frauds is not applicable, and the next inquiry is into the existence of an oral contract.

"A lease for a term of one year, but with an option to Lessee to extend the term thereof for an additional period, is held to be a demise for the entire period and, thus, within the Statute of Frauds. However, a distinction is made between a provision in a lease for a renewal with permission of lessor, and a provision for the extension of the term at the option of the lessee; and only the latter is treated as a demise for the full term." *McDonald v. Roemer*, 505 S.W.2d 698, 699 (Tex. Civ. App.–San Antonio 1974, no writ) (citing *Bateman v. Maddox*, 26 S.W. 51 (Tex. 1894); *Weatherford v. Lee*, 364 S.W.2d 730 (Tex. Civ. App.–San Antonio 1963, writ ref'd n.r.e.); *Bailey v. Willeke,* 185 S.W.2d 456 (Tex. Civ. App.–Austin, 1945, reformed and affirmed, 189 S.W.2d 477 (Tex. 1945));

*Dees v. Thomason*, 71 S.W.2d 591 (Tex. Civ. App.–Waco 1934, writ ref'd)).

The renewal language in the contract is ambiguous, and it is not readily apparent who has the option to extend the lease term and by what specific means. However, the Court need not delve into the various interpretations of the contract language. Even if the language itself were unambiguous, it is more than unclear whether the language concerning renewal in the draft lease agreement was actually agreed to by the Parties. Any contract, written or oral, requires a meeting of the minds. *See Scenic Galveston, Inc. v. Infinity Outdoor, Inc.*, 151 F.Supp.2d 812, 817 (S.D. Tex. 2001) (citing *Hathaway v. General Mills, Inc.*, 711 S.W.2d 227, 228 (Tex. 1986)). On this point, Plaintiff argues that Louis Schneider, a C-Port representative, assured Neal Cramer, a Gulf Coast representative, that Gulf Coast that "yes, you have the yard." Defendant disagrees. A decision on this issue requires consideration of the credibility of witnesses, something clearly within the purview of the jury. The evidence simply does not establish either Party's position as a matter of law. Accordingly, the contract claims cannot be resolved summarily, and a trial is necessary.[1]

IV. Conclusion

For the reasons outlined above, Defendant's Motion for Summary Judgment is **DENIED**. Each Party is to bear its own taxable costs, attorneys' fees, and expenses incurred herein to date.

**IT IS SO ORDERED.**

**DONE** this 8th day of November 2005, at Galveston, Texas.

Samuel B. Kent
United States District Judge

---

[1] Defendant's Motion also addresses Plaintiff's conspiracy and tortious interference claims. However, the filing of Plaintiff's First Amended Complaint makes these arguments moot.